LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

GEORGE A. BORDEN
(202) 434-5563
gborden@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

July 17, 2015

<u>Via ECF and Email</u>

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

    Re:    *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-08175-SAS

              *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 14-cv-09366-SAS

              *Phoenix Light SF Ltd., et al. v. HSBC Bank USA, N.A.*, No. 14-cv-10101-SAS

              *National Credit Union Administration Board v. HSBC Bank USA, N.A.*, No. 15-cv-02144-SAS

Dear Judge Scheindlin:

       As the Court instructed at the June 24, 2015 scheduling conference, the parties have submitted a joint proposed schedule.[1]  HSBC submits this letter to explain HSBC's reasons for its proposal for the one area in which the parties did not agree.

       HSBC has proposed that the parties simultaneously exchange expert reports on July 8, 2016, and simultaneously exchange rebuttal reports on September 30, 2016.  The difference between HSBC's proposal and Plaintiffs' proposal is that HSBC has proposed that initial reports (*i.e.*, those served on July 8) be reports from parties having the burden of proof on the issue relevant to the expert opinion.  HSBC's proposal is party-neutral:  HSBC would be required to submit its initial reports on July 8 for issues in which HSBC has the burden of proof (*e.g.*, certain affirmative defenses).

---

[1] *Royal Park* ECF No. 58; *BlackRock* ECF No. 90; *Phoenix Light* ECF No. 54; *NCUA* ECF No. 53.

WILLIAMS & CONNOLLY LLP

Honorable Shira A. Scheindlin
July 17, 2015
Page 2

In this district, as in other districts across the U.S., "[i]t is routine that the party with the burden of proof on a particular issue be the first to submit its expert reports addressing the issue." *Ironshore Ins. Ltd. v. W. Asset Mgmt. Co.*, 2013 WL 2051863, at *2 (S.D.N.Y. May 15, 2013) (quoting *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, at *1 (S.D.N.Y. Nov. 16, 2007)) (internal quotation marks omitted). After initial reports, "[t]he other party then is given the opportunity to submit a rebuttal report and, if requested and allowed by the Court, a reply expert report may follow." *Id.*; *see also Lidle v. Cirrus Design Corp.*, 2009 WL 4907201, at *4 (S.D.N.Y. Dec. 18, 2009).

Both the Federal Rules of Civil Procedure and the Manual for Complex Litigation recognize that the party bearing the burden of proof normally submits its expert reports first. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment ("[I]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before the other parties are required to make their disclosures with respect to that issue."); Manual for Complex Litigation, 4th ed. § 11.481. Indeed, this Court has previously approved numerous scheduling orders consistent with HSBC's proposal. *See, e.g.*, Scheduling Order, *In re Barrick Gold Secs. Litig.*, No. 1:13-cv-03851-SAS (S.D.N.Y. May 4, 2015), ECF No. 84; Scheduling Order, *Verint Sys. Inc. v. Red Box Recorders Ltd.*, No. 1:14-cv-05403-SAS (S.D.N.Y. Feb. 4, 2015), ECF No. 18; Scheduling Order, *In re OSG Secs. Litig.*, No. 1:12-cv-07948-SAS (S.D.N.Y. July 2, 2014), ECF No. 162; Revised Scheduling Order, *Laumann v. Nat'l Hockey League*, No. 1:12-cv-01817-SAS, (S.D.N.Y. Sept. 17, 2013), ECF No. 148.

At the June 24, 2015 status conference, the Court indicated its preference that the parties exchange expert reports simultaneously, followed by a simultaneous exchange of rebuttal reports. Tr. at 10-11. HSBC's proposal provides for exactly that. It appears that the Court's primary concern was that expert disclosures not be unreasonably delayed by two successive exchanges of initial reports and two successive exchanges of rebuttal reports. HSBC's proposal provides for a simultaneous exchange of both and would not unreasonably delay expert disclosures.

Plaintiffs in RMBS litigation brought against sponsors and originators have attempted to prove their claims using a variety of methods and expert testimony. The relevance of these methods and opinions in a case against a trustee is questionable and will be an issue of first impression if this case proceeds to trial. As a result, HSBC cannot foresee what type of report on an issue for which it does not bear the burden of proof might be required in the initial exchange of expert reports. And, although HSBC believes that any report on an issue for which it does not bear the burden of proof would qualify as a rebuttal report, Plaintiffs' proposal is not clear on this issue. This ambiguity creates the possibility of confusion and would prejudice HSBC's ability to prepare a defense.

Accordingly, HSBC respectfully requests that expert disclosures be made in the typical fashion with the party having the burden of proof going first.

WILLIAMS & CONNOLLY LLP

Honorable Shira A. Scheindlin
July 17, 2015
Page 3

Respectfully submitted,

/s/ George A. Borden
George A. Borden

cc: Counsel for all parties in the *Royal Park*, *BlackRock*, *Phoenix Light*, and *NCUA* actions via ECF