# BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

ATTORNEYS AT LAW

NEW YORK • CALIFORNIA • LOUISIANA • ILLINOIS

BENJAMIN GALDSTON
beng@blbglaw.com
(858) 720-3188

July 17, 2015

**VIA ECF AND HAND DELIVERY**

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

      Re:   *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, No. 14-cv-08175-SAS; *BlackRock Balanced Capital Portfolio (FI), et al. v. HSBC Bank USA, N.A.*, No. 14-cv-09366-SAS; *Phoenix Light SF Ltd., et al. v. HSBC Bank USA, N.A.*, No. 14-cv-10101-SAS; *Nat'l Credit Union Admin. Bd., et al. v. HSBC Bank USA, N.A.*, No. 15-cv-02144-SAS

Dear Judge Scheindlin:

      We write on behalf of all Plaintiffs in the above-captioned actions and in response to defendant HSBC Bank USA, N.A.'s ("HSBC") unsolicited letter to the Court of today's date, which again attempts to impose a "staggered" expert report schedule. The Court previously considered and rejected HSBC's same proposal at the June 24, 2015 Conference and should do so again for the same reasons.

      ***First***, the Federal Rules do not provide for "staggered" expert disclosures tied to burdens of proof. Instead, Federal Rule of Civil Procedure 26(a)(2)(B)(I) requires "a party must disclose to the other parties the identity of any witness it may use at trial . . . ," which Plaintiffs propose occur simultaneously. At the June 24 Conference, the Court clearly stated its preference for this approach. *See* Transcript of June 24, 2015 Conference [ECF No. 55] at 11:8-9 ("I favor the approach the plaintiff suggests of both sides putting in their report on the same day.").

      ***Second***, HSBC's proposal will only impose unnecessary delay and cost on the parties and the Court. As the Court previously noted, HSBC's proposal results in expert discovery that potentially "goes on forever" (*id.* at 10:23-25), whereas Plaintiffs' simultaneous disclosure schedule is a "better and tighter way of doing [expert discovery] and maybe less expensive." *Id.* at 11:6-7.

      ***Third***, HSBC claims its proposal is "party-neutral." HSBC is wrong. HSBC's true motives are intended to secure a litigation advantage in which HSBC would be permitted to introduce new matters, arguments or theories in the guise of "rebuttal" expert testimony following which Plaintiffs



12481 HIGH BLUFF DRIVE • SUITE 300 • SAN DIEGO • CA 92130-3582
TELEPHONE: 858-793-0070 • www.blbglaw.com • FACSIMILE: 858-793-0323

Honorable Shira A. Scheindlin
July 17, 2015
Page 2

_____

would then be required to seek leave to submit yet more rebuttal expert testimony.[1]  Such "hide the ball" tactics and resulting delay are exactly what the Court and Plaintiffs prefer to avoid.  *Id*. at 10:20-25.

*Finally*, simultaneous exchange is supported by the Federal Rules and HSBC's cited authorities.  Parties are required to serve their opening and expert rebuttal reports "at the times and in the sequence directed by the court."  Fed. R. Civ. Proc. 26(a)(2)(C).  Responsive reports are "intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)."  Fed. R. Civ. P. 26(a)(2)(C)(ii).  Rule 37(c)(1) enforces these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.  HSBC's cited cases acknowledge that rebuttal expert testimony is "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)[ ... ]" and should not raise new arguments or theories.[2]  Contrary to HSBC's suggestion, both the Federal Rules Committee Notes and the Manual for Complex Civil Litigation support this formulation of affirmative expert reports followed by rebuttal reports confined to the subject matter of the affirmative reports, as Plaintiffs propose here.

For these reasons and those articulated by the Court at the June 24 Conference, HSBC's "staggered" expert disclosure schedule should be rejected again.  If, however, the Court is inclined to adopt HSBC's proposal, Plaintiffs respectfully request that any rebuttal testimony be strictly limited to the scope of affirmative expert testimony only and that no new matters, arguments or theories may be raised.

Respectfully submitted,

Benjamin Galdston

cc:     Counsel for all parties in related actions (by ECF)

_____

[1] *See* attached excerpt of July 15, 2015 email from E. Reddington to T. DeLange, *et al.*, ("If a rebuttal report raises new matters, a party could seek leave to submit a reply report that addresses only those new matters . . . .").

[2] *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *Ebbert v. Nassau Cnty.*, 2008 WL 4443238, at *13 (E.D.N.Y. Sept. 26, 2008) (string citation omitted) ("A rebuttal expert report is not the proper place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice."); *Ironshore Ins. Ltd. v. W. Asset Mgmt. Co.*, 2013 WL 2051863, at *3 (S.D.N.Y. May 15, 2013) (quoting *S.W. v. City of New York*, 2011 WL 3038776, at *2 (E.D.N.Y. July 25, 2011)) (noting that the subject "rebuttal reports sought to 'explain, repel, counteract or disprove the evidence of the adverse party.").  HSBC's citation to four instances where this Court approved scheduling orders with similar language that was ***stipulated*** by the parties is inapposite here where Plaintiffs oppose.

**Ben Galdston**

| | |
|---|---|
| **From:** | Reddington, Edward <EReddington@wc.com> |
| **Sent:** | Wednesday, July 15, 2015 2:49 PM |
| **To:** | Timothy DeLange |
| **Cc:** | Hodges, Kevin; Wiener, Eric; Ware, Michael O.; Ben Galdston; Lucas Gilmore; Libra, John; CWood@rgrdlaw.com; sfitzgerald@wmd-law.com; NParekh@WMD-LAW.com |
| **Subject:** | RE: HSBC RMBS Trustee Litigation - Proposed Joint Schedule |

Tim:

It is our understanding that HSBC does not maintain copies of the Mortgage Loan Schedules (which is what we understand you to be referring to as Loan Tapes).  Wells may maintain those schedules, and we understand plaintiffs have served or are in the process of serving a subpoena on Wells.  Accordingly, we can agree to the additions you proposed in yellow, with the changes below in strike through and red.

Additionally, we propose lengthening the time to submit an opposition brief on the issue of class certification.  We originally proposed 60 days to submit an opposition brief, but we would be willing to compromise on 45.

We also agree to the proposed simultaneous exchange of expert reports with the changes highlighted in red.  We believe the party that bears the burden of proof should submit their reports, followed by rebuttal reports.  If a rebuttal report raises new matters, a party could seek leave to submit a reply report to address only those new matters, but the reply report may not be necessary.  Our proposal is in line with the Rules of Civil Procedure and the normal practice in complex litigation and addresses the Court's concern that the expert schedule not be unreasonably lengthened by the exchange of four sets of reports.

Finally, we think more than 30 days may be needed to complete expert depositions, and so have suggested lengthening that to 45 days.

Please let me know if you want to discuss any of these proposals.

Regards,

Ed

**Edward C. Reddington**
**Williams & Connolly LLP**
725 Twelfth Street, N.W., Washington, DC 20005
(P) 202-434-5063 | (F) 202-434-5029
ereddington@wc.com | www.wc.com

| | |
|---|---|
| ~~Date for Defendant to Certify Completion of Production of Loan Tapes~~ | ~~Aug. 14, 2015~~ |
| Date ~~for Parties~~ to Identify Loans for Loan File Review including loans to be re-underwritten | ~~Oct. 9, 2015~~ 60 days after production of Mortgage Loan Schedules |

| | |
|---|---|
| Parties' Document Production Cutoff: | November 20, 2015 |
| Deadline to File Class Certification | Not later than March 18, 2016 |
| Class Certification Opposition Brief Due: | ~~30~~ 45 days after the filing of the Class Certification Motion |
| Class Certification Reply Brief Due: | 30 days after the filing of the Class Certification Opposition Brief |
| Fact Discovery Cutoff: | May 27, 2016 |
| Date to Identify Experts And Areas of Expert Testimony on Issues for which a Party has the Burden of Proof: | June 20, 2016 |
| Parties to Exchange Expert Reports on Issues for which a Party has the Burden of Proof: (Per Court's instructions, exchange of expert reports should occur within six weeks of the close of fact discovery. *See* June 24 Tr.): | July 8, 2016 |
| Parties Shall Identify Rebuttal Experts And Areas of Rebuttal Expert Testimony: | August 19, 2016 |
| Parties Shall Exchange Rebuttal Expert Reports Concurrently: | September 30, 2016 |
| All expert depositions shall be completed by: | ~~October 28~~ November 15, 2016 |
| Expert Discovery Cutoff: | ~~October~~ 28 November 15, 2016 |
| Plaintiffs shall supply their pre-trial order matters to defendant: | November 30, 2016<br><br>(In the event any parties makes a dispositive motion within 21 days after the completion of expert discovery, Plaintiffs shall provide Defendant with pre-trial order matters within 30 days of the resolution of such dispositive motion.). |
| Date for Parties to submit pre-trial order | December 30, 2016 (or 30 days after the date that Plaintiff provides pre-trial order matters) |
| Pre-Trial Conference | To be decided by the Court |