**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PHOENIX LIGHT SF LIMITED, et al.,

                           Plaintiffs,

      v.

HSBC BANK USA, NATIONAL
ASSOCIATION,

                         Defendant.

Civil Action No. 14-CV-10101-LGS-SN

U.S. Magistrate Judge Sarah Netburn

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION FOR LEAVE TO AMEND THE ANSWER**

**TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................1

BACKGROUND ................................................................................................................1

ARGUMENT .....................................................................................................................3

I.       The Court Should Grant HSBC Leave to Amend its Answer. ...............................3

         A.       HSBC's Proposed Amendment Meets the Standard of Rule 15(a)(2)....................3

         B.       HSBC's Proposed Amendment Will Not Cause Undue Prejudice.........................4

         C.       HSBC's Proposed Amendment Does Not Involve Undue Delay, Bad
                  Faith, or Dilatory Motive. ........................................................................8

         D.       HSBC's Proposed Amendment Is Not Futile. .......................................................10

CONCLUSION.................................................................................................................11

APPENDIX A ...................................................................................................................13

# TABLE OF AUTHORITIES

## CASES

*Ambac Assurance Corp. v. U.S. Bank, N.A.*, 2020 WL 42245 (S.D.N.Y. Jan. 3, 2020) .........10, 11

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) .............................................8

*Bryant v. Carlisle Carrier Corp.*, 2014 WL 712592 (E.D.N.Y. Feb. 25, 2014)............................8

*Contrera v. Langer*, 314 F. Supp. 3d 562 (S.D.N.Y. 2018)..................................................4

*Hazeldine v. Beverage Media, Inc.*, 1997 WL 469597 (S.D.N.Y. Jan. 28, 1997)..........................9

*In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100 (S.D.N.Y. 2010) .....................11

*Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93 (2d Cir. 2014)..................................6, 9

*Lamont v. Frank Soup Bowl*, 2000 WL 1877043 (S.D.N.Y. Dec. 27, 2000) ................................5

*Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275 (2d Cir. 2000) ....................................3, 4, 6, 7

*Pasternack v. Shrader*, 863 F.3d 162 (2d Cir. 2017)....................................................4, 8, 9

*Phoenix Light SF Ltd. v. U.S. Bank N.A.*, 2020 WL 1285783 (S.D.N.Y.
  Mar. 18, 2020).....................................................................................5, 8, 10, 11

*Smith v. Potter*, 2006 WL 8433229 (S.D. Fla. Oct. 26, 2006).......................................10

*Soto v. City of Phila.*, 2015 WL 5916821 (E.D. Pa. Oct. 8, 2015) .................................10

*State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843 (2d Cir. 1981)........................................4, 9

*Tavares v. Lawrence & Mem'l Hosp.*, 2013 WL 1385266 (D. Conn. Apr. 3, 2013) ...................11

*Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101 (2d Cir. 1986) ...........7

*Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011).......................................................3, 4, 9

## STATUTES AND RULES

Fed. R. Civ. P. 15.................................................................................... *passim*

Fed. R. Civ. P. 16....................................................................................................4

N.Y. Judiciary Law § 489(1) ....................................................................................2, 5

**INTRODUCTION**

Federal Rule of Civil Procedure 15 establishes a liberal, permissive standard for amendment to a party's pleadings.  Here, Defendant HSBC Bank USA, NA moves for leave to amend its Answer to the Amended Complaint (ECF 62[1]) to add the following four defenses: champerty, impossibility, impracticability, and frustration of purpose.  Although HSBC's Answer includes other defenses that should already encompass these issues, HSBC seeks leave to amend to plead the four defenses explicitly for the avoidance of doubt and to conform its Answer to the evidence uncovered and the theories advanced by Plaintiffs to date.

HSBC's motion fits well within the permissive standard set by Rule 15(a)(2) and Second Circuit precedent.  This is HSBC's first request to amend its Answer.  It brings this motion in good faith, and Plaintiffs will suffer no undue prejudice or significant delay from the amendment.  These defenses are based on fact discovery that has been completed, and no further fact discovery is needed as to these defenses in this "bellwether" phase of the action.  Moreover, expert discovery is not scheduled to close with respect to the first three of the twenty-nine trusts at issue in this action (*i.e.*, the "bellwether" trusts) until April 2021.  Summary judgment briefing is nearly a year away, trial (if necessary) is even further out, and discovery has not even commenced with respect to the remaining twenty-six of the twenty-nine trusts at issue.

**BACKGROUND**

Plaintiffs bring claims against HSBC as indenture trustee for twenty-nine residential mortgage backed securities ("RMBS") trusts.  Am. Compl. (ECF 53) at ¶ 1.  At the outset, the Court coordinated this action with five other lawsuits against HSBC and ordered the parties in the coordinated actions to engage in a bellwether process in which the parties selected a limited

---

[1] References to "ECF" refer to the docket in this action, No. 14-cv-10101-LGS-SN.

number of trusts on which to proceed initially with discovery, motions, and, if necessary, trial, and discovery, motions and trial on the remaining trusts was deferred.  *See* Order (ECF 38); June 24, 2015 Hr'g Tr. 5:1-24.  On January 2, 2019, this action was referred to the Honorable Sarah Netburn, United States Magistrate Judge, for general pre-trial purposes.  *See* Order (ECF 347).

Due to the bellwether process, this case still is in its early stages.  Discovery has not yet started with respect to twenty-six of the twenty-nine[2] trusts at issue in this action.  For the three remaining bellwether trusts, the parties currently are in the expert discovery phase, which does not close until April 7, 2021.  *See* Amended Scheduling Order and Civil Case Management Plan (ECF 343) at ¶ 2(g).  The parties' briefing on summary judgment and *Daubert* motions does not conclude until September 7, 2021.  *Id.* ¶ 3.  A bellwether trial, if necessary, is even further in the future and has not been scheduled.  There are no deadlines for discovery, summary judgment, and trial regarding the twenty-six remaining trusts.

In this motion, HSBC seeks leave to amend its Answer to conform its defenses to the evidence uncovered and the theories Plaintiffs have advanced to date.  These defenses will be at issue as the case proceeds to summary judgment with respect to the bellwether trusts in late 2021, as well as in the remaining trusts when the case proceeds as to them.  First, HSBC seeks to assert the defense of champerty under N.Y. Judiciary Law § 489(1).  Plaintiffs lack standing to sue, including because of the champertous nature (and thus invalidity) of assignments they received from the true claimholder.  Second, HSBC seeks to assert the doctrines of impossibility, impracticability, and frustration of purpose.  If Plaintiffs' assertions (as elucidated in fact and expert discovery thus far) that HSBC had broad duties as indenture trustee to investigate and

---

[2] Originally, the case involved thirty total trusts and four bellwether trusts, but Plaintiffs have abandoned their claims as to one of the initial bellwethers, STALT 2006-1F.

unilaterally pursue potential loan repurchase claims are credited (and HSBC disputes that they should be), then the trusts' governing agreements would have been frustrated and/or alleged duties under them rendered impossible or impracticable by the 2007-08 Financial Crisis and the actual or potential insolvency of the allegedly breaching parties.  The text of HSBC's proposed additions to its Answer are attached hereto as Appendix A.  While HSBC already has pleaded other defenses sufficient to allow it to make these or similar arguments, for the avoidance of doubt and to conform to the evidence and argument, it moves to amend its Answer to add these defenses expressly.[3]

## ARGUMENT

**I.**    **The Court Should Grant HSBC Leave to Amend its Answer.**

      **A.**    **HSBC's Proposed Amendment Meets the Standard of Rule 15(a)(2).**

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave" to amend a party's pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The Rule reflects two of the most important principles behind the Federal Rules:  pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits."  *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000) (citations omitted).

Accordingly, Rule 15(a)(2) establishes a "permissive standard," consistent with the Second Circuit's "strong preference for resolving disputes on the merits."  *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011).  "[A]bsent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule

---

[3] HSBC met and conferred with Plaintiffs about this proposed amendment and Plaintiffs stated they did not consent to the amendment.

15's mandate must be obeyed." *Monahan*, 214 F.3d at 238.  Plaintiffs, as the party opposing amendment, "bear[] the burden of showing prejudice, bad faith, and futility of the amendment." *Contrera v. Langer*, 314 F. Supp. 3d 562, 567 (S.D.N.Y. 2018).

HSBC's motion for leave to amend meets the "liberal amendment policy of Rule 15(a)." *Williams*, 659 F.3d at 213.  The addition of the four proposed defenses would cause no undue prejudice to Plaintiffs; the request is not made in bad faith, after undue delay, or with a dilatory motive; and the proposed amendments are not futile.[4]

### B.     HSBC's Proposed Amendment Will Not Cause Undue Prejudice.

Whether there is undue prejudice to the nonmovant is the most important factor in motions under Rule 15(a)(2).  *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).  In evaluating undue prejudice, the Court considers whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017).  None of these factors is present here.

First, permitting HSBC to amend its Answer will not require Plaintiffs to expend additional resources to conduct discovery and prepare for trial, let alone significant resources. To the contrary, the circumstances surrounding the defenses HSBC seeks to add are already well known to Plaintiffs and discovery related to them in the bellwether trusts is either complete or in progress.

---

[4] Federal Rule of Civil Procedure 16 has no bearing on HSBC's motion because there has been no previous scheduling order limiting the time for HSBC to file an amended Answer in this action.

The champerty defense is relevant to Plaintiffs' standing to sue.[5]  The assignments purportedly granting Plaintiffs the right to bring this litigation violate New York's prohibition on champerty and thus are invalid.  N.Y. Judiciary Law § 489(1).  The form, scope, and purpose of these assignments already have been a subject of discovery in this case, including in document discovery and at the depositions of Peter Collins (Plaintiffs' 30(b)(6) representative), Alan Geraghty (Phoenix Light's director), and Enno Balz (an employee of the German government entity that owns Phoenix Light).

Plaintiffs have litigated or are litigating this champerty issue in lawsuits against other RMBS trustees, which involve the exact same assignments and the exact same facts that are at issue here.  In Plaintiffs' action against U.S. Bank, the court held that Plaintiffs lacked standing to sue because the assignments were champertous and thus void.  *Phoenix Light SF Ltd. v. U.S. Bank N.A.*, 2020 WL 1285783, at *1 (S.D.N.Y. Mar. 18, 2020).  In reaching that conclusion, the court cited testimony from Collins, Geraghty, and Balz, as well as documents filed in the public record.  *Id.* at *5-6, *12-13.

The combination of these public documents and the evidence already uncovered during discovery in this action is all the parties here need to litigate the champerty issue.  There is no other discovery Plaintiffs could argue they need, and any evidence relevant to this defense has always been in Plaintiffs' possession.  *See Lamont v. Frank Soup Bowl*, 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000) (plaintiff failed to show prejudice because he did not "offer any explanation of . . . what other discovery he would have taken had this amendment been included in defendant's original answer").  In short, no additional discovery or additional effort would be

---

[5] HSBC has pleaded defenses of lack of standing and lack of contractual standing.  *See* Answer (ECF 62) at 41, 47 (3d and 39th defenses).  HSBC seeks to plead champerty specifically to give Plaintiffs additional notice and to avoid any doubt.

required as a result of HSBC's proposed amendment, given the complete overlap of issues and evidence regarding the assignments across these RMBS trustee cases, as well as the discovery previously taken in this action.  *See Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 109 (2d Cir. 2014) (party experienced "little, if any, prejudice" from amendment where "extensive discovery was conducted on the circumstances surrounding" the added defense (alteration omitted)).  Further, HSBC already has pled defenses related to lack of standing and collateral estoppel.  *See* Answer (ECF 62) at 41 and 47 (2d defense (collateral estoppel), 3d defense (contractual standing), and 39th defense (standing)).  As a result, there will be no surprise to Plaintiffs from the express pleading of the champerty defense.  *See Monahan*, 214 F.3d at 284 (motion for leave properly granted because "amendment did not unfairly surprise plaintiffs or impede the fair prosecution of their claims").

With respect to the defenses of impossibility, impracticability, and frustration of purpose, discovery already is in progress and will continue in the remainder of the expert discovery phase. Plaintiffs take the position that the indenture trustee had an obligation to unilaterally undertake factual investigations and initiate litigation against trust sponsors to repurchase massive numbers of loans due to purported breaches of representations and warranties as well as even minor documentation issues (so-called document "exceptions").  This characterization of HSBC's duties is incorrect, but if it were accurate, it gives rise to the defenses of impossibility, impracticability, and frustration of purpose.

By asserting that HSBC had duties to investigate and litigate on a massive scale in order to "enforce" repurchase obligations against sponsors pursuant to specific PSA provisions, Plaintiffs put at issue whether HSBC had the ability to carry out those actions and whether sponsors had the financial capacity to repurchase loans in the volumes asserted now by Plaintiffs.

HSBC will establish that the Financial Crisis and the actual or potential insolvency of certain trust sponsors made compliance with the contracts impracticable or impossible in the manner Plaintiffs assert.

Likewise, Plaintiffs claim the purpose of HSBC's purported obligations under the PSAs was to police other parties and protect investors. HSBC similarly disputes this, but if Plaintiffs were correct, then that purpose was frustrated by the Financial Crisis and the insolvency of sponsors, among other events, because HSBC's efforts to enforce repurchase obligations would have been worthless.

Central to these three defenses are the questions of whether alternate actions by HSBC could have caused allegedly breaching sponsors to repurchase loans on a massive scale despite the Financial Crisis and the actual or potential insolvency of said breaching parties, and whether these events were foreseeable.

These questions already are the subject of opening expert reports on topics such as the scope of HSBC's duties under the contracts, the solvency of the sponsors, and the effect of the Financial Crisis related to causation and damages, and will continue to be topics of discovery in rebuttal reports, reply reports, and expert depositions in the next nine months. *See Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir. 1986) (finding no prejudice when proposed amended defenses already had been "objects of discovery"). Moreover, HSBC's Answer includes a defense related to the sponsors' solvency. *See* Answer (ECF 62) at 46 (36th defense); *Monahan*, 214 F.3d at 284. The explicit addition of impossibility, impracticability, and frustration of purpose to conform HSBC's defenses to the relevant facts and arguments will not require additional discovery or resources beyond that which already has occurred or already is contemplated in ongoing expert discovery.

Turning to the second prejudice factor, granting leave to amend will not "significantly delay the resolution of the dispute." *Pasternack,* 863 F.3d at 174. As described above, discovery related to the proposed additional defenses is complete or in progress in the expert discovery phase. No adjustment to the schedule ordered by the Court is required. Summary judgment and (if necessary) trial related to the three bellwether trusts is still well more than a year away, and fact discovery in the remaining twenty-six trusts has not even begun.

Finally, the third factor—preventing plaintiffs from filing a timely action elsewhere—is not implicated here because HSBC's proposed amendment does not concern a statute of limitations defense. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350-51 (2d Cir. 1993) (describing circumstances where this factor is relevant).

Given the above circumstances, Plaintiffs cannot meet their burden to demonstrate "undue prejudice" from HSBC's proposed amendments.

## C.    HSBC's Proposed Amendment Does Not Involve Undue Delay, Bad Faith, or Dilatory Motive.

Plaintiffs likewise cannot show that HSBC's proposed amendment involves undue delay, bad faith, or dilatory motive. "The rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack*, 863 F.3d at 174. "Mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* (alterations omitted).

There is no bad faith here. HSBC has acted diligently throughout this case, and is acting promptly to move for leave to amend following the *Phoenix Light v. U.S. Bank* decision in March 2020, *see* 2020 WL 1285783, and the subsequent settlement conference between HSBC and Plaintiffs on June 25, 2020, *see* ECF 357. Combined with the fact that this motion involves

no undue prejudice, *see supra* Part I.B, the absence of bad faith requires granting this motion. *See Pasternack*, 863 F.3d at 174.

In any event, as described above, this case is in its early stages—with the close of bellwether expert discovery, summary judgment, and (if necessary) trial more than a year away with no trial date set, and the start of discovery, summary judgment, and trial in the remaining twenty-six trusts yet to come.  Rule 15 contemplates a court granting leave to amend pleadings at far more advanced stages of a case, including during and after trial, or even after final judgment. *See* Fed. R. Civ. P. 15(b); *Williams*, 659 F.3d at 214 (holding that Rule 15 amendment may be permitted after final judgment and vacating district court order denying amendment).

Indeed, even if the benchmark in this matter were the close of fact discovery in the three bellwether trusts, courts in the Second Circuit regularly allow parties to amend their pleadings to include additional claims or defenses after the close of fact discovery and at summary judgment. For example, in *Kroshnyi*, the Second Circuit affirmed a decision granting a defendant's motion to amend its answer to assert four additional defenses after the close of discovery and concurrently with motions for summary judgment.  771 F.3d at 109-10.  In *State Teachers Retirement Board*, the Second Circuit reversed the district court and granted leave to amend to assert a new claim after discovery was closed, when "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants."  654 F.2d at 856.  In *Bryant v. Carlisle Carrier Corporation*, the court granted leave to amend an answer to assert a new counterclaim after the close of fact discovery where "no trial date has yet been set and the parties have still not completed expert discovery."  2014 WL 712592, at *1-2 (E.D.N.Y. Feb. 25, 2014); *see also Hazeldine v. Beverage Media, Inc.*, 1997 WL 469597, at *1, *17-18 (S.D.N.Y. Jan. 28, 1997) (granting motion to amend filed after discovery and concurrently with summary

9

judgment motion).  Courts in other circuits likewise liberally grant leave to amend after the close

of discovery and at summary judgment.  *See, e.g.*, *Soto v. City of Phila.*, 2015 WL 5916821, at

*1-2 (E.D. Pa. Oct. 8, 2015) (granting motion to amend answer filed after close of discovery and

briefing on summary judgment); *Smith v. Potter*, 2006 WL 8433229, at *1-2 (S.D. Fla. Oct. 26,

2006) (granting motion to amend answer filed after close of discovery and three days before

filing of summary judgment motion).

Here, discovery has not even started for twenty-six trusts, and trial in the current

bellwethers is not set and likely is at least eighteen months away.  Given the procedural posture

of this case, HSBC's motion falls well within the realm of appropriate timing to amend the

Answer.[6]

### D.    HSBC's Proposed Amendment Is Not Futile.

Finally, HSBC's amendment would not be futile.  In a motion for leave to amend an

answer to add an affirmative defense, a proposed amendment is futile only when "the proposed

affirmative defense is not a defense to liability, that is, when the proposed affirmative defense

lacks a sound basis in law."  *Ambac Assurance Corp. v. U.S. Bank, N.A.*, 2020 WL 42245, at *1

---

[6] In addition to the *U.S. Bank* action noted earlier, Plaintiffs are litigating the champerty/standing issue in other trustee actions against Bank of New York Mellon ("BNYM") and Wells Fargo. *Phoenix Light SF Ltd. v. Bank of New York Mellon*, No. 14-cv-10104-VEC (S.D.N.Y.); *Phoenix Light SF Ltd. v. Wells Fargo, N.A.*, No. 14-cv-10102-KPF-SN (S.D.N.Y.).  In the *BNYM* action, the court held that BNYM waived asserting a stand-alone champerty defense in a procedural posture that is wholly different from that here.  The court highlighted that the defendant moved to amend after the parties had already completed a round of summary judgment and *Daubert* briefing, and were preparing to file a second motion for summary judgment.  *See* Order, No. 14-cv-10104-VEC (ECF 354) (S.D.N.Y. June 3, 2020) at 1 & n.1.  More recently, however, the court granted BNYM's request to file a supplemental summary judgment brief raising standing issues and raising a collateral estoppel argument based on Plaintiffs' champertous assignments. *See* Order, No. 14-cv-10104-VEC (ECF 369) (S.D.N.Y. July 10, 2020) at 5.  In the *Wells Fargo* action, the court recently allowed Wells Fargo to amend its summary judgment briefing to include arguments related to standing/champerty and collateral estoppel.  *See* Order, No. 14-cv-10102-KPF-SN (ECF 532) (S.D.N.Y. June 16, 2020).

(S.D.N.Y. Jan. 3, 2020) (quoting *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100, 118 (S.D.N.Y. 2010)).  "[I]n making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is clearly frivolous or legally insufficient on its face."  *Tavares v. Lawrence & Mem'l Hosp.*, 2013 WL 1385266, at *3 (D. Conn. Apr. 3, 2013).

None of the defenses HSBC seeks to add to its Answer "lacks a sound basis in law" or "could not survive on its face."  *Ambac*, 2020 WL 42245, at *1.  Courts have recognized each of the defenses.  The champerty issue already has proven dispositive against Plaintiffs' claims based on the exact same assignments at issue here.  *Phoenix Light v. U.S. Bank*, 2020 WL 1285783, at *1.  Impossibility, impracticability, and frustration of purpose each form a complete "defense to liability" if upheld on summary judgment or at trial.  The contours of each of the four defenses are described above, *see supra* Part I.B, and their merits are not before the Court on this motion; instead, it suffices for the liberal amendment policy of Rule 15 that none are facially invalid.

## CONCLUSION

For the foregoing reasons, this Court should grant HSBC leave to amend its Answer.

Dated: July 31, 2020                    Respectfully submitted,


By:   /s/ *Kevin M. Hodges*
      George A. Borden
      Kevin M. Hodges (*pro hac vice*)
      Andrew W. Rudge  (*pro hac vice*)
      Edward C. Reddington (*pro hac vice*)
      WILLIAMS & CONNOLLY LLP
      725 Twelfth Street, N.W.
      Washington, DC 20005
      Telephone: (202) 434-5000
      Facsimile: (202) 434-5029
      gborden@wc.com
      khodges@wc.com
      arudge@wc.com
      ereddington@wc.com


      *Counsel for HSBC Bank USA, N.A.*

# APPENDIX A

## Proposed Additions to HSBC's Answer

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of champerty.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of impossibility, including but not limited to the extent that any actions Plaintiffs contend should have been taken by HSBC against an allegedly breaching party (*e.g.*, Sponsor or Servicer) were rendered impossible due to the Financial Crisis, the insolvency of the allegedly responsible party, or for any other reason.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of impracticability, including but not limited to the extent that any actions Plaintiffs contend should have been taken by HSBC against an allegedly breaching party (*e.g.*, Sponsor or Servicer) were rendered impracticable due to the Financial Crisis, the insolvency of the allegedly responsible party, or for any other reason.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of frustration of purpose, including but not limited to the extent that any purported purpose of the governing agreements was frustrated due to the Financial Crisis, the insolvency of the allegedly responsible party, or for any other reason.

13

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Noah M. Weiss*_____

Noah M. Weiss